UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**Yanping Chen**,

                Plaintiff,

    v.

**Federal Bureau of Investigation, U.S. Department of Justice, U.S. Department of Defense,** and **U.S. Department of Homeland Security**,

              Defendants.

No. 3:22-mc-50-SPM

Underlying Case: No. 18-cv-3074 (D.D.C.)


**GOVERNMENT'S JOINDER IN
STEPHEN RHOADS'S MOTION TO QUASH
SUBPOENA FOR SECOND DEPOSITION**

# Table of Contents

Table of Authorities.................................................................................................................iii

I.      Introduction .............................................................................................................. 1

II.     Background ................................................................................................................2

    A.      The nature of the underlying Privacy Act case ............................................ 2

    B.      Discovery in the underlying case ................................................................. 3

III.    Argument....................................................................................................................7

    A.      Chen has not shown the good cause required to modify the scheduling order in the underlying case to allow a second deposition of Rhoads ......... 7

    B.      Even if there were good cause to modify the scheduling order, a second deposition of Rhoads would not be warranted............................................. 9

IV.     Conclusion ...............................................................................................................11

# Table of Authorities

**Cases**

*A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.,*
  292 F.R.D. 142 (D.D.C. 2013) ......................................................................... 8

*Settles v. Livengood,*
  No. 13-cv-662, 2015 WL 2089222 (E.D. Mo. May 4, 2015) ......................... 11

**Statutes and Rules**

5 U.S.C. § 552a ................................................................................................. 2

Federal Rule of Civil Procedure 16 ................................................................. 8

Federal Rule of Civil Procedure 26 ................................................................. 9

Federal Rule of Civil Procedure 30 ................................................................. 9

## I.    Introduction

This ancillary discovery proceeding arises out of a civil Privacy Act case pending in federal court in Washington, DC. The underlying case was brought by Yanping Chen against four federal agencies alleging that they disclosed to Fox News records gathered during a federal law enforcement investigation into Chen. Fox News then published three reports about Chen based on the allegedly disclosed records.

Over six months after the discovery deadline in the underlying case, Chen has issued a subpoena for a second deposition of non-party Stephen Rhoads. Rhoads is a former employee of Chen's for-profit university who was an on-the-record source for the Fox News reports. Chen's justification for the second deposition is that, after Rhoads's first deposition, she learned that Rhoads lost his old personal cell phone when family members cleaned out his home after his wife's death. Although Rhoads testified in the first deposition that he had conducted a thorough search of the old phone two years earlier in response to a document subpoena from Chen and had produced all text messages with Fox News reporter Catherine Herridge that he found on the phone, Chen believes that the phone might have contained additional, unproduced text messages with Herridge.

Because a second deposition at this stage would require modifying the scheduling order in the underlying case to re-open discovery and increase the limit on the number of depositions, Chen must show good cause. There is no good cause here, however, because Chen was not diligent in timely raising the issue of purportedly unproduced text messages on Rhoads's old phone. Chen had all the facts concerning any unproduced text messages on the old phone over five months before discovery closed last year. By that point, Chen had what Rhoads said was his complete production of text messages in

1

response to the subpoena. Chen also had the phone logs that she subpoenaed from Rhoads's cell phone service provider, which she now claims show the existence of additional text messages with Herridge that Rhoads did not produce. Yet Chen did not raise any issue about unproduced text messages until months after the close of discovery. This lack of diligence, coupled with the prospective burden on the government to attend a second deposition in this District, where Rhoads now lives, forecloses re-opening discovery for a second deposition.

In addition to the lack of good cause to re-open discovery, Chen has also not shown that a second deposition of Rhoads is warranted. Chen had ample opportunity to obtain information about any unproduced text messages on Rhoads's old phone through document subpoenas to Rhoads and his cell phone service provider and during Rhoads's first deposition. The minimal questions on this topic that Chen asked at Rhoads's first deposition reveal the minimal importance of the information to Chen's claim, confirming that a second deposition on this topic would not be proportional to the needs of the case. The subpoena for a second deposition should therefore be quashed.

## II.    Background

### A.  The nature of the underlying Privacy Act case

In the underlying case, which asserts a single claim under the Privacy Act of 1974, 5 U.S.C. § 552a,[1] Chen alleges that she came under investigation by the FBI in 2010 for statements she made on immigration forms. Compl. ¶ 15, ECF No. 1, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. Dec. 21, 2018). As part of that investigation, the FBI executed search

---

[1] For the Court's convenience, citations to legal authorities and docket entries in the PDF version of this brief are linked to the cited authority in Westlaw and ECF, respectively.

warrants at her home and her for-profit university in 2012 and collected materials from both locations. *Id.* ¶¶ 17–21.

Over four years later, in 2017, Fox News published three reports about Chen, her statements on immigration forms, and her university, which had been receiving significant funding from the Department of Defense. *Id.* ¶¶ 24–25, 41–42. The reports displayed photos of Chen, snippets of her immigration forms, and a purported partial summary of an FBI interview of her daughter. *Id.* ¶¶ 25–31.

The Fox News reports featured on-camera interviews with Stephen Rhoads, an employee of Chen's university for five years and a U.S. Army veteran. In the on-camera interviews, Rhoads discussed his conversations with Chen while he was working for her university. *See Taxpayer-funded School Suspected of Chinese Military Ties*, Fox News (Feb. 24, 2017), available at https://www.youtube.com/watch?v= jh2Xk42PVA8; *Congress Investigating Taxpayer-Backed School Over Alleged Ties to Chinese Military After Fox News Report*, Fox News (Apr. 28, 2017), available at https://www.foxnews.com/politics/congress-investigating-taxpayer-backed-school-over-alleged-ties-to-chinese-military-after-fox-news-report.

### B. Discovery in the underlying case

Discovery in the underlying case began in March 2020. Scheduling Order ¶ 1, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. Mar. 11, 2020), ECF No. 18. In April 2020, Chen subpoenaed Rhoads for 14 categories of documents, including Rhoads's communications with Fox News reporter Catherine Herridge. Paul J. Orfanedes Decl. Ex. 3, ECF No. 2-2. Rhoads responded to the subpoena in May 2020 and supplemented his response in June 2020, producing 36 pages of text messages with Herridge. Orfanedes Decl. ¶¶ 5–6. Rhoads also notified Chen that his old personal cell phone was

3

malfunctioning, that he had extracted and produced all responsive text messages that he had been able to locate on the old phone, and that, at Chen's request, he would not return the old phone to his service provider. Orfanedes Decl. ¶ 4; *see also* Matthew T. Jones Decl. Ex. 3 at 1–2, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. July 6, 2022), ECF No. 87-5. At that point, Rhoads told Chen that his production of text messages responsive to the subpoena was complete. Mot. for Limited Dep. at 2, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. July 6, 2022), ECF No. 87.

Chen then subpoenaed Rhoads's personal cell phone service provider, T-Mobile, for Rhoads's phone logs. Orfanedes Decl. ¶ 8 & Ex. 4. Chen received the relevant logs in June 2021. Orfanedes Decl. ¶ 9. As far as the government is aware, Chen did not raise any issue about unproduced text messages between Rhoads and Herridge at that time.

To allow sufficient time to complete the extensive discovery sought by Chen in the underlying case, the government agreed to six extensions of the fact discovery deadline, which the court granted. Joint Mot. for Extension of Time, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. July 2, 2020), ECF No. 29; Minute Order, July 2, 2020, *Chen v. FBI*, No. 18-cv-3074 (D.D.C.); Joint Mot. For Extension of Time, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. Aug. 24, 2020), ECF No. 30; Minute Order, Aug. 27, 2020, *Chen v. FBI*, No. 18-cv-3074 (D.D.C.); Joint Mot. for Extension of Time, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. Dec. 3, 2020), ECF No. 33; Minute Order, Dec. 4, 2020, *Chen v. FBI*, No. 18-cv-3074 (D.D.C.); Statement on Disc. Dispute, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. Mar. 23, 2021), ECF No. 45; Minute Order, Mar. 25, 2021 (D.D.C.); Consent Mot. for Extension of Time, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. June 11, 2021), ECF No. 47; Minute Order, June 14, 2021 (D.D.C.); Joint Mot. to Modify Scheduling Order, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. Oct. 13, 2021), ECF No. 54; Scheduling Order, *Chen v. FBI*,

4

No. 18-cv-3074 (D.D.C. Oct. 15, 2021), ECF No. 55. Ultimately, the operative scheduling orders in the underlying case provided that:

- Absent agreement of the parties, each side was allowed no more than fifteen depositions during the liability phase of the case (ECF No. 55 ¶ 2);

- The fact discovery deadline for the liability phase was November 19, 2021 (ECF No. 55 ¶ 5); and

- Rhoads's deposition could be taken after the November 2021 liability phase fact discovery deadline, but no later than March 24, 2022 (Minute Order, Feb. 14, 2022).

Chen took fifteen depositions during the liability phase, including a Federal Rule of Civil Procedure 30(b)(6) deposition of the FBI that entailed four separate live sessions, plus written questions.

Shortly before Rhoads's deposition in March 2022, Chen asked Rhoads's counsel about 224 text messages with Herridge that appeared in the T-Mobile phone logs for Rhoads's personal cell phone but that Rhoads had not produced in response to Chen's subpoena. Orfanedes Decl. ¶ 10; Jones Decl. Ex. 4, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. July 6, 2022), ECF No. 87-6. Rhoads's counsel replied that Rhoads had produced all the responsive text messages he could locate. Orfanedes Decl. ¶ 10; Jones Decl. Ex. 1 at 6, 8, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. July 6, 2022), ECF No. 87-3.

Chen deposed Rhoads in March 2022. Orfanedes Decl. ¶ 11; Jones Decl. Ex. 5 (excerpts from Rhoads Dep. Tr.), *Chen v. FBI*, No. 18-cv-3074 (D.D.C. July 6, 2022), ECF No. 87-7. When asked about text messages with Herridge, Rhoads testified that:

- He had conducted a thorough search of his old personal cell phone and produced all his text messages with Herridge (Rhoads Dep. 149:12–15, 149:24–150:5);

- He did not have any other text messages with Herridge on his old phone (Rhoads Dep. 149:12–15);

- If his phone logs showed a record of text messages, but he could not find those text messages in his phone, he did not know where they could be found (Rhoads Dep. 150:6–9); and

- While he might have deleted text messages with Herridge, he did not do so after receiving a subpoena in this case (Rhoads Dep. 150:10–16).

Although the deposition ended about 30 minutes before Rule 30(d)(1)'s seven-hour limit, Rhoads was not asked why he deleted any text messages with Herridge. Rhoads was also not asked any questions that might have indicated the likelihood that any unproduced text messages with Herridge could be found on his old personal cell phone despite his search efforts — like the date range when he used the old phone, the text messaging application that he used on the old phone, or the specific steps that he took to search for responsive text messages on the old phone.[2]

After the deposition, Rhoads notified Chen that his family members had cleaned out his home sometime after his wife's death in October 2021 and that his old phone had been lost, likely because a family member had disposed of it. Orfanedes Decl. ¶ 13. Rhoads then moved to Illinois. Rhoads Decl. ¶ 5.

Chen moved in the underlying case for leave to issue a second deposition subpoena to Rhoads. Mot. For Limited Dep., ECF No. 87. Because Rhoads is not a party to the underlying case, he did not respond to Chen's motion in the underlying case, and instead notified the parties that he intended to move to quash any second deposition

---

[2] The evidence indicates that Rhoads's old personal cell phone likely never contained the unproduced text messages identified by Chen. Rhoads's declaration in support of his motion to quash states that he did not begin using the phone in question until February 2018 (Stephen J. Rhoads Decl. ¶ 14, ECF No. 2-1), which post-dates all 224 unproduced text messages identified by Chen (*see* Jones Decl. Ex. 4 at 3). Also, 186 of the unproduced text messages identified by Chen pre-date the first text message produced by Rhoads, further suggesting that Rhoads did not have the phone at the time of these text messages.

subpoena in this District, where he now lives. Mot. for Limited Dep. at 2; Jones Decl. Ex. 1 at 1, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. July 6, 2022), ECF No. 87-3.

To promote judicial efficiency by presenting all arguments for and against a second deposition to the same court at the same time, the government took no position on Chen's motion for leave to issue a second subpoena but reserved the right to oppose a second deposition of Rhoads in the context of a motion to quash the subpoena. Resp. to Mot. for Leave to Issue Second Subpoena, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. June 16, 2022), ECF No. 84. The parties agreed that this procedure did not waive any arguments that the government might make concerning a second deposition, including the arguments presented in this motion to quash. *Id.* The court granted the motion for leave to issue a second subpoena while noting that the government had reserved the right to oppose a second deposition in the context of a motion to quash. Minute Order, June 22, 2022, *Chen v. FBI*, No. 18-cv-3074 (D.D.C.).

## III. Argument

### A. Chen has not shown the good cause required to modify the scheduling order in the underlying case to allow a second deposition of Rhoads

Chen has issued a subpoena for a second deposition of Rhoads, which would constitute Chen's sixteenth deposition in the case, over six months after the November 2021 fact discovery deadline and over three months after the deadline for Rhoads's deposition. Chen must therefore show not only that a second deposition is warranted, but also that multiple provisions of the operative scheduling order should be modified to allow the second deposition — including the limit of fifteen depositions per side (ECF No. 55 ¶ 2), the November 2021 discovery deadline (ECF No. 55 ¶ 5), and the March 2022 deadline for Rhoads's deposition (Minute Order, Feb. 14, 2022). Modifying the

scheduling order requires a showing of "good cause" under Federal Rule of Civil Procedure 16(b)(4). This "good cause" standard focuses on the diligence of the moving party. *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 144 (D.D.C. 2013) (Jackson, J.). "If the party was not diligent, the inquiry should end." *Id.* at 145 (citation omitted). "In addition to diligence, the moving party should also show lack of prejudice to the opposing parties." *Id.* at 144.

Chen did not diligently pursue discovery concerning any unproduced text messages between Rhoads and Herridge on Rhoads's old personal cell phone before the November 2021 discovery deadline. As of June 2020, Chen had received what Rhoads said was his complete production of text messages. Mot. for Limited Dep. at 2, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. July 6, 2022), ECF No. 87. As of June 2021, Chen had received Rhoads's phone logs showing the 224 text messages that Chen now contends are missing. *Id.* at 2; Orfanedes Decl. ¶ 9. Chen thus had all the facts concerning any unproduced text messages over five months before the November 2021 discovery deadline. At that point, Chen could have asked Rhoads about any unproduced text messages and, if unsatisfied with Rhoads's response, could have sought a forensic image of his old phone (which Rhoads still had at the time) to search for any such messages. Yet Chen did not raise any issue about unproduced text messages until March 2022, over three months after the close of discovery. Orfanedes Decl. ¶ 10; Jones Decl. Ex. 4, *Chen v. FBI*, No. 18-cv-3074 (D.D.C. July 6, 2022), ECF No. 87-6. This lack of diligence forecloses the showing of good cause necessary to modify the scheduling order to allow a second deposition of Rhoads at this stage.

A second deposition of Rhoads would also pose practical prejudice to the government. Rhoads recently moved to this District. Rhoads Decl. ¶ 5, ECF No. 2-1.

8

Given his status as an employee of the U.S. Department of Defense, a defendant in the underlying case, government counsel would need to attend any second deposition to assert appropriate objections. Because Rhoads might need to consult with government counsel about whether particular questions are objectionable on the ground that his answers would reveal privileged or classified information — as occurred during his first deposition — government counsel's attendance would likely need to be in person and in a location with access to a sensitive compartmentalized information facility (SCIF). The practical difficulties associated with traveling to a second deposition in this District and finding a suitable location further underscore the lack of good cause to modify the scheduling order to allow a second deposition.

**B.      Even if there were good cause to modify the scheduling order, a second deposition of Rhoads would not be warranted**

Even if there were good cause to modify the scheduling order, a second deposition of Rhoads is not warranted. Under Federal Rule of Civil Procedure 30, "[a] party must obtain leave of court … if the parties have not stipulated to the deposition and … the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2). Leave should be granted to the extent consistent with Rule 26(b)(1) and (2). *Id.* Under Rule 26(b)(2), a court should limit discovery if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C). A court should also limit discovery that is not proportional to the needs of the case, considering the importance of the issues in the case, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1) & (b)(2)(C)(iii).

9

Here, Chen has had ample opportunity to obtain information about any unproduced text messages between Rhoads and Herridge on Rhoads's old personal cell phone. Chen had all the facts concerning any unproduced text messages five months before the November 2021 discovery deadline, as explained above. *See supra* at 8. Chen also had the chance at Rhoads's March 2022 deposition to ask about unproduced text messages and the old phone, and in fact did ask limited questions on these topics. Jones Decl. Ex. 5 (Rhoads Dep. Tr. excerpts), *Chen v. FBI*, No. 18-cv-3074 (D.D.C. July 6, 2022), ECF No. 87-7.

Apart from Chen's prior opportunities to obtain this information, a second deposition of Rhoads on these topics would also not be proportional to the needs of the case. While Chen contends that Rhoads's testimony about the lost phone — which Chen believes might have contained unproduced text messages with Herridge — could be relevant to Chen's Privacy Act claim or to her effort to seek discovery sanctions against Rhoads for the unproduced text messages, Mot. for Limited Dep. at 9, that contention is belied by Chen's limited questioning at Rhoads's first deposition about the text messages themselves. For example, Chen did not ask about the steps Rhoads had taken to search for responsive text messages on the old phone, and when Rhoads testified that he might have deleted some text messages with Herridge, Chen did not ask why. Rhoads Dep. 150:10–16 (Jones Decl. Ex. 5). If anything, the evidence suggests that Rhoads's old phone likely never contained most of the unproduced text messages with Herridge that Chen has now identified because Rhoads did not begin using the phone in question until after those text messages were sent. *See supra* at 6 & n.2; Rhoads Decl. ¶ 14. Any marginal relevance of testimony on this topic is outweighed by the practical burdens on

10

the government described above from traveling to a second deposition in this District and finding a suitable location. *See supra* at 8–9.

## IV.    Conclusion

The motion to quash should be granted.[3]

Dated: July 21, 2022                                          Respectfully submitted,

BRIAN D. NETTER
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

 */s/ Garrett Coyle*
CAROL FEDERIGHI
Senior Trial Counsel
GARRETT COYLE
LAUREL H. LUM
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 616-8016
garrett.coyle@usdoj.gov

*Counsel for Defendants*

---

[3] If a second deposition of Rhoads were allowed, it should be limited in scope and duration. When a second deposition is warranted on the ground that new information came to light after the first deposition, the second deposition is generally limited to the new information. *Settles v. Livengood*, No. 13-cv-662, 2015 WL 2089222, at *1 (E.D. Mo. May 4, 2015). Here, the only new information Chen has identified is the loss of Rhoads's old personal cell phone. Mot. for Limited Dep. at 4–5. Any second deposition should thus be limited to this topic, and should not include questions about Rhoads's search of the phone for text messages responsive to the prior document subpoena, which Chen had adequate opportunity to ask in the first deposition. The government respectfully submits that 30 minutes would be more than sufficient to adequately probe this topic.

11